And at this time we'll hear Solis v. Colvin. Good afternoon. Good morning. Go right ahead. Say again? Go right ahead. You can argue. Is there a translator? Not really. What happened is I have a problem hearing. Okay. So can I bring my daughter to help me to explain my situation? You can bring your daughter to translate, but we'll try to understand what you have to say. Okay. It sounds like you speak English. Go right ahead. Okay. Sir, your Honor, I'm here because what I can say is the Social Security Administration has denied my case, you know, a couple times. And I would like you to help me to solve the situation because I have a problem, financial problem, because my medical problem. So I would like you to help me in that case to see what you can do to help me because I've been having problems. My wife lost her job and lost my insurance. I've been having problems to pay for my medication. And my wife got laid off. She's paying all the 401k, you know, saving, the 401k they have. And my medical treatment. My daughter, who used to help me, got no job. So my situation is getting worse and worse every day with my health and financially. Okay. Let me suggest that you take a seat now and we'll hear from the other side. And then we'll hear, you have three minutes remaining, and then you can respond to what they say. Okay. All right? That way you'll know what the issue is. Take a seat right there. Here? Right here. Yeah. Okay. And we'll hear you in a few minutes. We'll hear the government. Good morning. May it please the court. My name is Catherine Pollack and I'm here on behalf of the Commissioner of Social Security. While Mr. Solis has submitted new evidence from 2015 and 2016 and describes a worsening of condition, the commissioner just emphasizes for the court that the period relevant to this case is September 1st, 2009 until September 30th, 2009, which is the date on which he was last insured for disability insurance benefits. So he could not file a claim now? For disability insurance benefits, his date last insured was September 30th, 2009, but nothing would preclude him from filing a claim for Supplemental Security Income, SSI. At this time? Correct. The commissioner's decision that Mr. Solis was not disabled within the meaning of the Social Security Act during the relevant period, which ended on September 30th, 2009, is supported by substantial evidence. In making this determination, the ALJ properly found that Mr. Solis did not establish that he met the requirements of a listed impairment, including Listing 11.14, which Mr. Solis had the burden to establish. Moreover, it is the commissioner's position that Mr. Solis, who was represented before the district court, has waived further review of all their issues. Nonetheless, the ALJ's determination that Mr. Solis had the residual functional capacity to perform a range of unskilled medium work was supported by substantial evidence, including his performance of work which approximated medium work, both during and just prior to the period at issue in this case. Would that bear upon any claim you might make for SSI? I mean, it would probably pertain to a different period. I think that everything a person's work history... His argument, you heard, is that it's getting worse, basically, right? So the fact that he was working... And your position is, and I think it makes sense, that he can't... All of this is about 2009, correct? So if it's getting worse, like today, that evidence that he wants to put in doesn't do him any good, right? Correct, for this case. Not in this case. But he would be able to file another case for SSI. And to do that, he would just walk across the street to the 26th Federal Plaza and go... I actually don't think we have a field office there anymore. I think it's on Williams Street, actually. All he'd have to do is walk over to Williams Street and file another claim for SSI. Correct. Based on whatever his current condition is. Correct. And that doesn't require insured status. It does not require insured. That's what I was asking. Right. Thank you. Just in sum, the Commissioner asked that the Court affirm the Commissioner's decision that Mr. Solis was not disabled within the meaning of the Social Security Act from September 1st, 2009 until September 30th, 2009, the date on which he was last insured for DIV. If the Court doesn't have any further questions regarding the Commissioner's case, the Commissioner rests on the arguments made in her brief. Thank you. Thank you. Mr. Solis, we'll hear you again. I actually don't hear what you're saying. Well, what you heard or did not hear is that your present evidence that your condition is much worse does not affect a ruling in this case, which deals with how bad your condition was in 2009. Yes. But that doesn't mean that nobody will hear you and nobody will listen to you, because as the government lawyer said, you could start a new claim. You could, with your daughter, walk over right now to the Social Security Administration and start a new claim based on your condition now. That, of course, assumes you don't prevail in the present suit. But if you don't prevail in the present suit, you could file a new claim. I can't give you advice, but I can repeat what the government said. Yes, I understand that, Your Honor. What happened in my actual situation, like I told you, is worse. I'm going to have surgery last year in my neck because, I don't know what they're going to do, a spinal fusion? But they canceled it. I was ready to go in the room to have the surgery, but they canceled it because my sugar went high. And the doctor said, I'm going to cancel the surgery because your sugar is not good. So what I want to say is, I don't know why they don't believe me. I'm actually disabled to work because I've got a lot of problems, neuropathy, diabetes, and a lot of stuff. And the issue, decision, I could accept it. Thank you. Thank you both. We'll reserve decision. In the case of United States versus Vargas Rodriguez, that is taken on submission. And in the case of United States versus Rivera is taken on submission, as is the case of United States versus Rivera Ortiz. That's the last case on calendar. Please adjourn court. The court is adjourned.